# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RONNIE LISTER

### DEFENDANTS
CITY OF PHILADELPHIA, OFFICER REGINALD GRAHAM, JOHN DOES 1-4

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Noah S. Cohen, Esquire    Ph. 216-665-8181
1339 Chestnut St., Suite 500 Philadelphia, PA 19107

Attorneys *(If Known)*
1515 Arch Street  Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983
Brief description of cause:
False arrest and malicious prosecution

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: April 26, 2024
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2122 South 17th Street, Apt. #2 Philadelphia, PA 19145

Address of Defendant: 1515 Arch Street Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 2300 Block of South Bouvier Street Philadelphia, PA 19145

---

*RELATED CASE IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: April 26, 2024    _____    313849
                        *Attorney-at-Law (Must sign above)*    *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [✓] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [ ] All Other Federal Question Cases. *(Please specify)*: _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Noah S. Cohen, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: April 26, 2024    _____    313849
                        *Attorney-at-Law (Sign here if applicable)*    *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONNIE LISTER,**<br><br>              Plaintiff<br><br>       v.<br><br>**CITY OF PHILADELPHIA,**<br>**OFFICER REGINALD GRAHAM,**<br>**Badge Number 6214**, individually and as a police officer for the City of Philadelphia,<br>**JOHN DOES 1-4**, Police Officers,<br>Badge Numbers Unknown, individually and as Police Officers for the City of Philadelphia,<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102,<br><br>              Defendants | **CIVIL ACTION NO. 2:24 -1784**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. Plaintiff Ronnie Lister brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of former police officer Reginald Graham, and of as yet unknown officers, who manufactured evidence to cause Mr. Lister's arrest, prosecution, and imprisonment for a crime he did not commit. The actions and conduct of Graham and the unknown officers were the result of constitutionally deficient policies and practices of the City of Philadelphia.

**II. JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

### III.  PARTIES

3. Plaintiff Ronnie Lister is a resident of Philadelphia, Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

4. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which at all times relevant to this action employed defendant Graham and as of yet unknown officers.

5. Defendant Reginald Graham was at all times relevant to this Complaint a police officer for the Philadelphia Police Department acting under color of state law.  The defendant officer is being sued in his individual capacity.

6. Defendant John Does 1-4, Badge numbers unknown, are and were at all times relevant to this Complaint, police officers for the City of Philadelphia, acting under color of state law. They are being sued in their individual capacity.

7. At all relevant times, defendants Graham and the John Doe officers ("the defendant officers"), acting in concert and conspiracy and under color of state law, deprived the plaintiff of his constitutional and statutory rights.

### IV.  FACTUAL ALLEGATIONS

8. On December 13, 2011, Ronnie Lister was in the area of the 2300 block of South Bouvier Street in Philadelphia.

9. There were no drugs or contraband in his possession.

10. On that date at about 2:00 p.m. the defendant officers, without cause or justification, arrested Mr. Lister on criminal charges alleging the delivery of controlled substances and related offenses.

11. The defendant officers provided false, misleading and incomplete information to other Philadelphia police officers and officials, and to the Philadelphia District Attorney's Office in an effort to justify the arrest of Mr. Lister.

12. The arrest of Mr. Lister was without probable cause.

13. As a direct result of the actions and conduct of the defendant officers, and without cause or justification, Mr. Lister was arrested and charged with possession with intent to deliver a controlled substance and related offenses.

14. Mr. Lister appeared for his arraignment and was held in lieu of bail in the amount of $5,000.00. Mr. Lister was unable to post bail and was sent to the County jail.

15. Mr. Lister was arrested, charged and remanded into custody because the defendant officers willfully manufactured evidence, provided false and misleading information and testimony, and ignored or concealed available exculpatory evidence, all of which negated and tainted any finding of probable cause to believe that Mr. Lister had committed a crime.

16. As a result of the actions and conduct of the defendant officers, Ronnie Lister was held in custody for several days, and subsequently was placed on probation for three years, and lost multiple employment opportunities for a crime that he did not commit and that the defendant officers knew he did not commit.

17. Defendant Graham also testified falsely at Mr. Lister's preliminary hearing on March 7, 2012 that Mr. Lister received money from an individual named Gerald Berry on December 13, 2011.

18. On August 12, 2022, all charges brought against Mr. Lister were *nolle prossed* on motion of the District Attorney of Philadelphia County based on a finding that the defendant officers' account of the circumstances surrounding Mr. Lister's arrest were not credible.

19. At no time did Mr. Lister engage in any actions or conduct that justified his arrest, detention and prosecution.

20. The unlawful arrest, detention and prosecution in this case were caused by the City's failure to properly train, supervise and discipline police officers, particularly officers who have engaged in repeated misconduct that has caused constitutional violations.

21. Defendant officers acted willfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

22. As a direct and proximate result of the actions of all defendants, the plaintiff suffered severe psychological harms, prolonged incarceration, pain and suffering, damage to reputation, some or all of which may be permanent, as well as loss of employment and other financial losses.

23. All defendants engaged in the above conduct by subjecting plaintiff to unlawful prosecution.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

24. Plaintiff incorporates by reference paragraphs 1-23 of the instant Complaint.

25. As a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff Ronnie Lister was deprived of the right to be free from a malicious prosecution. As a result, the plaintiff suffered and continue to suffer harm in violation of his rights under the laws and Constitution of the United States and 42 U.S.C. §1983.

26. As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

27. Defendant City of Philadelphia, by its final policy makers, has encouraged, tolerated,

4

ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Unlawful detentions, unlawful arrests and malicious prosecutions by police officers;

    b. The proper exercise of police powers, including but not limited to unlawful arrest, unlawful detention, and malicious prosecution;

    c. The fabrication and deliberate concealment of material evidence by police officers;

    d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    f. Police officers' use of their status as police officers to employ unlawful arrests and malicious prosecutions, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

    g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of arrest powers under such circumstances as presented in this case; and

    h. The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

28. The individual defendants, acting within the scope of their employment and under color of state law, agreed among themselves and with other individuals, to act in concert in order to deprive Mr. Lister of his clearly established right to be free from deprivation of liberty without due process of law, and to a fair trial.

29. In furtherance of the conspiracy, the defendants engaged in and facilitated numerous overt acts, including, but not limited to the following:

5

    a.    Fabricating evidence, planting evidence, tampering with evidence, and using coercion and/or threats to obtain incriminating statements; and

    b.    Deliberately deceiving counsel and the court by concealing and/or withholding relevant and material evidence, fabricating evidence, tampering with evidence, and using coercion and/or threats to obtain inculpatory statements.

30. Defendants' acts and omissions, as described above, were the direct and proximate cause of Mr. Lister's injuries. Defendants knew, or should have known, that their conduct would result in Mr. Lister's denial of due process and a fair trial.

31. Defendant City of Philadelphia, by its final policy makers, failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia police officers, thereby causing and encouraging Philadelphia police, including the defendant officer in this case, to violate the rights of citizens such as the plaintiff.

32. Defendant City of Philadelphia, by its final policy makers, is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

    a.    There are excessive and chronic delays in resolving disciplinary complaints;

    b.    There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

    c.    There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

    d.    The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

    e.    The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations;

    f.    The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

    g.    A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

    h.    There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

    i.    The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

    j.    Despite the fact that defendant Graham had amassed an exceptionally large number of serious misconduct complaints in only a few years on the force, the officers stayed well below the radar of an early warning system;

    k.    Despite multiple prior complaints and lawsuits against defendant Graham, the great majority of which involved abuses of police authority, the PPD took no meaningful disciplinary or remedial actions, and no meaningful steps to more closely monitor, retrain and supervise the officer;

    l.    The PPD did nothing to respond meaningfully to the red flags evidenced in the aggregate performances of defendant Graham; and

    m.    IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases.

33. Defendant City of Philadelphia, by its final policy makers, is deliberately indifferent to the need to train, supervise and discipline police officers and has failed to ensure that there is an effective internal disciplinary system.

34. Defendants have by the above-described actions deprived the plaintiff of rights secured by the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

35. Plaintiff incorporates by reference paragraphs 1-34 of the instant Complaint.

36. The acts and conduct of defendant officers in this cause of action constitute malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## JURY DEMAND

37. Plaintiff demands a jury as to each cause, claim and defendant.

**WHEREFORE**, the plaintiff requests judgement in his favor and the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants; and

d. Such other declaratory and further relief as appears reasonable and just.

    *S/ Noah Cohen*
Noah Cohen
PA BAR ID No. 313849
Weir Greenblatt Pierce LLP
1339 Chestnut Street, Suite 500
Philadelphia, Pa. 19107
(215) 241-7766
*Counsel for Plaintiff Ronnie Lister*